UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YVONNE HEPPELL-
LIBSANSKY,

      Plaintiff,                                       CASE NO: 8:04-CV-416-T-17EAJ

v.

JO ANNE B. BARNHART,
Commissioner of
Social Security

      Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Report and Recommendation issued by Magistrate Judge Elizabeth Jenkins, on March 10, 2005. (Doc. No. 17) The Magistrate Judge recommended that the decision of the Administrative Law Judge (ALJ) be affirmed and that the Plaintiff be denied her claims for Social Security disability benefits and supplemental security income payments.

Pursuant to Rule 6.02, Rules of the United States District Court for the Middle District of Florida, the parties had ten (10) days after service to file written objections to the proposed findings and recommendations, or be barred from attacking the factual findings on appeal.  Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982) (en banc).  After properly obtaining an extension of time, Plaintiff filed objections on April 8, 2005 (Doc. No. 21).

After reviewing the record, the report and recommendation, and the Plaintiff's objections, this Court adopts the report and recommendation of the Magistrate Judge and affirms the decision of the ALJ.

## I.  BACKGROUND

Plaintiff applied for Period of Disability and Disability Insurance Benefits on April 24, 1995, alleging an onset of disability on April 10, 1995, due to fibromyalgia, depression, hypothyroidism, and arthritis.  Plaintiff's first application was denied, and Plaintiff filed a second application for benefits on October 31, 1996, alleging the same

onset date of April 10, 1995.  The Plaintiff appealed the denial of this second application, and the district court entered an order remanding her claim.  A de novo administrative hearing was held on May 21, 2001. In the ALJ's June 25, 2002 decision, he determined, that as of December 31, 2000, Plaintiff retained the residual functional capacity (RFC) to "occasionally lift and carry up to twenty pounds and frequently lift and carry up to ten pounds with the additional requirement of a sit/stand option.  She was further limited to simple repetitive tasks in unskilled and low end semi skilled positions." (T 450)  The ALJ found that a significant number of jobs existed in the national economy which Plaintiff could perform, including file clerk, mail clerk, and general office clerk. (T 451)    The ALJ accordingly denied benefits.  Id.

After exhausting all administrative remedies, the Plaintiff filed this action for judicial review, and this Court referred the matter to Magistrate Judge Elizabeth Jenkins.[1] On March 10, 2005, Judge Jenkins issued a report and recommendation (R&R), recommending that substantial evidence supported the ALJ's finding that Plaintiff is not disabled and that the decision of the Commissioner be affirmed.

Plaintiff, who was fifty-two years old at the time of the ALJ's decision, has a college degree in elementary education, and prior work experience as a pharmacy assistant and substitute teacher.  Plaintiff's medical history is set forth in the ALJ's decision.

## II.  STANDARD OF REVIEW

When a party makes a timely objection to an R&R issued by a Magistrate Judge, the determination is subject to de novo review by the district court. Gropp v. United Airlines, Inc., 817 F.Supp. 1558, 1561 (M.D.Fla. 1993).  However, the portions of the R&R that are not objected to will be evaluated by the district court judge under a clearly erroneous standard of review. Id. at 1561-62.

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  See 42 U.S.C. §

---

[1] The District Court referred this matter to Judge Jenkins for consideration and a Report and Recommendation pursuant to Local Rules 6.01 and 6.02(c), M.D. Fla.

CASE NO: 8:04-CV-416-T-17EAJ

423 (d)(1)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  See 42 U.S.C. §423 (d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether the claimant is disabled.  20 C.F.R. § 404.1520.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 404.1520.  Under this process, the ALJ must determine, in sequence, the following: whether the claimant has the severe impairment, i.e. one the significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  A claimant is entitled to benefits only if unable to perform other work.  See Bowen v. Yuckert, 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings.  Richardson v. Perales, 402 U.S. 389, 390 (1971).  The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists.  See 42 U.S.C. § 405(g); Keeton v. Dep't of Health and Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994).  The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  Further, the Commissioner's failure to apply the correct law, or to give the reviewing courts sufficient reason for determining that she has conducted the proper legal analysis, mandates reversal.  Keeton, 21 F.d3 at 1066; Jamison v. Bowen, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

**III. PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

3

Plaintiff presents several objections to the R&R, and asks that this Court remand the R&R of Magistrate Judge Jenkins on the following grounds:

### A. Failure to Consider Post-Hearing Evidence

Plaintiff first objects to the failure of the ALJ and the Magistrate Judge to consider post-hearing evidence consisting of letters connected with Drs. Goodman and Eastridge. As set forth by the Magistrate Judge, the post-hearing statements consist of one page forms drafted by Plaintiff's counsel, sent to Plaintiff's treating sources with check mark boxes.

This Court agrees with the Appeals Council decision of February 24, 2004, which stated that the two letters of May 28, 2002, and November 6, 2002, were not material and would not change the decision of the ALJ. As Plaintiff points out, the Council incorrectly suggested that Dr. Goodman was not then a currently treating physician. (T 398) However, the record indicates that both letters merely verify opinions that were properly considered by the ALJ. Nothing in the record demonstrates that these letters add to the records that were properly and timely before the ALJ at the time he made his decision. The Council properly concluded that the letters merit little weight and determined that the letters would not have changed the administrative result.

Moreover, the Magistrate Judge properly found Plaintiff did not have good cause for her failure to submit the post-hearing evidence. To obtain a remand under sentence six of 42 U.S.C. 405(g), a claimant must establish that: (1) there is new, non-cumulative evidence; (2) the evidence is material in that it is relevant and probative so that there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for failure to submit the evidence at the administrative level. Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988) (citation and internal quotation marks omitted). The requirements are the same for a plaintiff arguing that evidence presented to the Appeals Council warrants a remand. See Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998), cert. denied, 525 U.S. 1124 (1999).

The letter presented to, and checked by, Dr. Goodman simply verifies his impressions of Plaintiff during the time he was seeing her. The ALJ accorded "great weight" to Dr. Goodman's opinions, and the letter does not contain any non-cumulative information. Dr. Goodman's treatment notes and records were already in evidence.

Further, it is equally clear that the letter would not change the result in the administrative decision. The letter is not material in that it adds nothing to the opinions of Dr. Goodman which were already before, and properly considered by the ALJ.

Regarding the third requirement, the Magistrate Judge properly found that Plaintiff did not have good cause for failure to submit this evidence. Plaintiff's case has been pending since April 24, 1995, and Plaintiff has been represented by counsel throughout that time. Plaintiff sent one letter to Dr. Goodman twelve days before the May 21, 2002, hearing. Plaintiff received the letter May 21st, in the afternoon following the hearing. During the May 21, 2002 hearing, the ALJ had stated he would hold the record open for an additional 24 hours. However, Plaintiff did not submit any material, including the May 21st letter, until June 4, 2002, fifteen days after the hearing. Plaintiff has not argued that this June 4, 2002, letter meets the requirements for a "sentence six" remand. Plaintiff later submitted a November 6, 2002, letter written by Plaintiff's attorney and addressed to Dr. Goodman. There is nothing in the record to indicate why this letter was not presented to the ALJ within the proper time period.

### B. Failure to State with Particularity the Weight Given Different Medical Opinions

Plaintiff argues that the ALJ failed to properly evaluate the testimony of Drs. Luis A. Herrero, M.D., ("Dr. Herrero"), Mark H. Smitherman, M.D., ("Dr. Smitherman"), Susan Fraser, M.D., ("Dr. Fraser") and Peter Bursten, Ph.D., ("Dr. Bursten"). The first three medical sources are treating physicians; Dr. Bursten performed a consultative psychological and is not a treating physician. (T 445; 292)

Generally, a treating physician's opinion is entitled to considerable weight unless there is good cause to reject such an opinion. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982). However, the opinion of a treating physician regarding a disability or inability to work may be discounted if it is unsupported by objective medical evidence conclusory, or contrary to the evidence. Bloodsworth, 703 F.2d at 420; see also Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991).

Plaintiff argues that the ALJ failed to properly evaluate Dr. Herrero's opinion by failing to mention a 1991 hospitalization for depression. Upon reviewing the record, this Court finds that the ALJ properly accorded less than controlling weight to Dr. Herrero's

5

opinions. The ALJ accorded less than controlling weight to Dr. Herrero's testimony for two reasons: First, Dr. Herrero's treatment of Plaintiff "occurred only two months after her alleged disability onset date" and "additional evidence" indicated that "Plaintiff's condition showed periods of improvement." (T 440-41) Second, "additional evidence" indicated that Plaintiff's condition "showed periods of improvement." (T 440-41) Contrary to Plaintiff's argument that the ALJ overlooked Dr. Herrero's decision to hospitalize Plaintiff in 1991, the ALJ did refer to this incident, and did acknowledge that Plaintiff had fluctuating periods of depression during this period that resolved in a short time. (T 440) Furthermore, as noted by the Magistrate Judge, Plaintiff's disability onset was four years after this 1991 period during which Dr. Herrero evaluated Plaintiff for depression. The ALJ's refusal to accord controlling weight to Dr. Herrero's opinions is supported by substantial evidence.

Plaintiff next faults the ALJ for failure to further evaluate the opinions of Dr. Smitherman, and for failure to give controlling weight to the opinions of Dr. Smitherman.

Dr. Smitherman, as discussed by the ALJ, treated Plaintiff for hypothyroidism and periodic flare-ups of fibromyalgia between July 1994 and February 1997 and January 2000 through 2002. (T 442) As noted by the Magistrate Judge, the ALJ noted Dr. Smitherman's comments and stated:

> Dr. Smitherman suggested that the claimant might not be capable of full-time work, but did not rule our her ability to perform part-time work activity. Nor did he give a more definite statement that claimant was unable to work.

(T 442)

Contrary to Plaintiff's argument, the Magistrate Judge did acknowledge that Dr. Smitherman had initially raised the issue of Plaintiff's applying for disability benefits. (Doc. No. 17 at 10) Plaintiff additionally argues that "it is reflected that Dr. Smitherman knows that Ms. Libsansky has applied for disability." (Doc. No. 21) However, because Dr. Smitherman never provided any functional limitation, this Court finds Plaintiff's argument unpersuasive. The ALJ's conclusion regarding Dr. Smitherman's is reasonable and supported by substantial evidence.

Finally, Plaintiff claims that the ALJ failed to state the weight given to the opinions of Dr. Fraser, a rheumatologist who treated Plaintiff during 1998 and 1999.[2] The ALJ fully discussed Dr. Fraser's medical records, which included a diagnosis of undifferentiated connective tissue disease, with inflammatory arthritis, fibromyalgia, bilateral trochanteric bursitis, enthesitis of the hips, and possible early hip osteoarthritis. (T 600)  Plaintiff points to no evidence that Dr. Fraser provided any functional limitations.  The ALJ ultimately found Plaintiff's fibromyalgia to be a severe impairment, and this reflects proper consideration of the views of Drs. Fraser and Smitherman, who both treated Plaintiff for fibromyalgia.

Plaintiff's argument that the ALJ failed to properly consider Drs. Herrero, Smitherman, Bursten and Fraser is without merit.

### C. Failure to Recognize All Impairments Alone and in Combination

The Magistrate Judge properly found that the ALJ had considered the combined effects of Plaintiff's impairments.  The ALJ noted in his decision that he was charged with determining "whether the claimant has a severe impairment or combination of impairments." (T 429)  Similar language has been held sufficient to discharge the Commissioner's obligation to consider impairments in combination. Wheeler v. Heckler, 784 F.2d 1073, 1076 (11th Cir. 1986).  Plaintiff argues that the ALJ failed to take into account the effects of pain and fatigue, in combination with other related conditions, such as fibromyalgia.  However, the ALJ stated that he rendered his decision after "reviewing all of the evidence of record" and giving "careful consideration of the entire record." (T 439; 448)  The Plaintiff's argument is without merit.

### D. Incorrect VE Analysis

Plaintiff argues that the ALJ improperly posed questions to the vocational expert based on an incomplete hypothetical.  A VE's testimony constitutes substantial evidence only where the hypothetical question posed by the ALJ comprises all of the restrictions imposed by the claimant's impairments. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) (a hypothetical question posed to the VE must include each of a plaintiff's impairments in order to sustain a finding by an ALJ based on the VE's testimony).  An

---

[2] As noted by the Magistrate, the Plaintiff did not develop any arguments regarding the opinion of Peter Bursten, Ph.D.  The ALJ fully evaluated Dr. Bursten's findings in his decision.  (T. 445)

Case 8:04-cv-00416-EAK-EAJ   Document 23   Filed 06/24/05   Page 8 of 9 PageID 165
CASE NO: 8:04-CV-416-T-17EAJ

ALJ is not required to include in the hypothetical question limitations that he finds unsupported in the record or not credible.  See Callahan v. Barnhart, 186 F. Supp. 2d 1219, 1229 (M.D. Fla. 2002) (citations omitted).

Plaintiff argues that the hypothetical posed to the VE was incomplete, in that it did not include information regarding Plaintiff's subjective complaints of pain.  The ALJ found that the Plaintiff's complaints with regards to pain and other subjective symptoms were not entirely credible. (T 447, 450)  The Eleventh Circuit has held that when a claimant tries to establish disability through testimony of pain or other subjective symptoms:

> "[t]he pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from the condition or (3) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain." Holt v. Sullivan, 921 F.2d 1221, 1223 (11 Cir. 1991).

Neither factors two nor three is present here.  The ALJ stated specific reasons for not finding Plaintiff's complaints credible, noting that Plaintiff is capable of performing most daily chores, housework, personal finances, and care for her needs. (T 448)  After considering a claimant's complaints of pain, the ALJ may reject them as not credible. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).  There is substantial evidence to support the ALJ's articulated reasons for discrediting the Plaintiff's testimony. It was therefore not improper for the ALJ to not inform the VE of Plaintiff's subjective complaints regarding pain and the side effects of medication.

Plaintiff also objects to the ALJ's addition of a sit/stand option in the hypothetical posed to the VE.  Plaintiff cites Social Security Ruling 83-12, which states that there "are some jobs in the national economy—*typically* professional and managerial ones—in which a person can sit or stand with a degree of choice" (emphasis added).  Plaintiff properly notes that Social Security Rulings are the policy of the Defendant.  However, the Social Security Administration's use of the word "typically," suggests that there was nothing inappropriate about the ALJ's use of the sit/stand option in posing a hypothetical to the ALJ.  The ALJ determined that Plaintiff had the residual functional capacity to perform the tasks associated with positions such as file clerk, mail clerk, and general office clerk.  These positions are of a variety that is similar to the "professional and

8

managerial" positions to which Ruling 83-12 refers.  Accordingly, Plaintiff's argument that the inclusion of a sit/stand option is inappropriate is without merit.

The ALJ's hypothetical questions propounded to the VE were supported by substantial evidence.  Plaintiff's argument that a remand is warranted due to the content of the hypothetical questions and the ALJ's reliance on the VE's responses is without merit.

As to portions of the R&R not objected to by the Plaintiff, this Court finds no clear error.  Accordingly, for the reasons set forth above, it is

**ORDERED** that the Report and Recommendation, dated March 10, 2005 (Doc. No. 11) be **ADOPTED** and **INCORPORATED BY REFERENCE**; the Objections (Doc. No. 21) be **OVERRULED**; the decision of the Commissioner of Social Security is **AFFIRMED**; and the Clerk of Court be **DIRECTED** to enter judgment in accordance with this order and close this case.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 24th day of June, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.